# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>SENGKEO PHANAPHAY,<br><br>    Defendant. | No. CR09-4035-MWB<br><br>**DETENTION ORDER** |

_____

This matter came on for detention hearing on September 9, 2009. Assistant U.S. Attorney Mark Tremmel appeared on behalf of the plaintiff (the "Government"). The defendant Sengkeo Phanaphay appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Sioux City Police Detective Ryan Bertrand.

The court must determine whether any condition or combination of conditions will reasonably assure Phanaphay's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Phanaphay as required and the safety of the community if the court finds there is probable cause to believe Phanaphay committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record shows that Phanaphay is a sexual predator who preys on very young children. Hundreds of photographs were found in a search of his residence, indicating he likely has been engaged in this activity for a lengthy period of time. One of his victims has confirmed that Phanaphay forced him into sexual activity. Further, Phanaphay has failed to offer any evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds nothing to indicate Phanaphay would be able to refrain from continuing to engage in criminal activities if he were released.

Accordingly, the court finds the Government has proved clear and convincing evidence that Phanaphay would be a danger to the community if released. Therefore, the court finds the following:

1. Phanaphay is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Phanaphay reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Phanaphay to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a)    Attach a copy of the release/detention order to the appeal;

(b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Phanaphay must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 9th day of September, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT